### DEVENEY v. HEAD.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

1. CASE ON APPEAL—ERROR—RESETTLING.

Where on appeal, after the case is settled, and, with briefs, printed and served, it is discovered that there is a material error in the case as settled, it may be corrected and resettled on motion.

2. BILL OF PARTICULARS—PLEADING.

Plaintiff presented a claim against the estate of deceased, and thereafter furnished a bill of particulars. Afterwards she sued to collect such claim, and no bill of particulars was demanded or served, as provided by Code Civ. Proc. § 531, but on the trial the bill previously furnished the executor was used. *Held*, that such bill could not be construed as part of the pleadings, and did not limit the evidence.

Appeal from special term.

Action by Kate Deveney against Lawrence J. Head, as executor of the last will of Mary Monohan, deceased. From an order granting a motion made by plaintiff to resettle the case on appeal, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and BARTLETT, JJ.

Thomas C. Whitlock, for appellant.

James C. Cropsey, for respondent.

WOODWARD, J. A plain statement of what actually occurred, and a reasonable reading of the so-called bill of particulars in either of its forms, seems to be sufficient to dispose of the present appeal. Defendant's testatrix died on the 23d day of March, 1899. The plaintiff, who had acted as nurse and serving woman to the defendant's testatrix, presented a claim against the estate for services, medicines, etc., aggregating $600. Subsequently, and on October 2, 1899, she furnished a so-called bill of particulars of her claim, and it is as to this so-called bill of particulars, made and presented before the commencement of the present action, that the controversy arises. The present action was commenced by the service of the summons and complaint on April 1, 1900, and no bill of particulars, such as is provided for by section 531 of the Code of Civil Procedure, has ever been demanded or served. The complaint, aside from the formal averments, alleges:

"That heretofore, and at the borough of Brooklyn, city of New York, between the 15th day of April, 1897, and the 24th day of March, 1899, plaintiff rendered and performed for said Mary Monohan, deceased, in her lifetime, and at her request, and for her benefit, certain work, labor, and services, consisting of nursing and attendance upon her during her illness, and furnishing medicines to her, and doing certain housecleaning for her, and furnishing meals to her, and doing washing for her, all of the reasonable value of six hundred ($600) dollars, no part of which has been paid," etc.

Upon the trial of the action a verdict for the full amount of the claim was rendered for the plaintiff, with costs. The defendant appealed. The case on appeal was settled, and all of the formalities were regarded, including the printing of the case, and serving of the same upon plaintiff's attorney, and the serving of the printed briefs;

this latter being done April 12, 1901. With matters in this situation, and on April 30, 1901, notice of motion to resettle the case on appeal was served, returnable May 6th; the plaintiff contending that the so-called bill of particulars should be stricken from the case, or that it should be changed, to conform with the bill of particulars offered in evidence upon the trial, but which was not marked. It is conceded that the original so-called bill of particulars was amended by agreement by the insertion of the words "and from March 1st to March 24th, 1899," and the point of dispute is as to the substitution of the word "between" for that of "of." The so-called bill of particulars, as printed in the case by the defendant, reads as follows:

"Claimant nursed the said deceased for a period of six (6) weeks from April 15th, 1897; for a period of four (4) weeks in March, 1898; and four (4) weeks in February, 1899, and from March 1st to March 24, 1899. Meals furnished by her to the deceased consisted of three meals some days, two meals other days, and one meal other days during the period of April 15th, 1897, and March 24th, 1899. The claimant done housecleaning for the deceased on an average of once a week during the period last named; and the medicine furnished by her to the deceased consisted of different kinds of medicine; and claimant done the family washing for said deceased on an average of once a week during the last mentioned period."

The plaintiff contends, and the trial court in its order resettling the case has determined, that the so-called bill of particulars, as it appeared in court, read as follows:

"Claimant nursed the said deceased for a period of six (6) weeks from April 15th, 1897; for a period of four (4) weeks in March, 1898; and four (4) weeks in February, 1899, and from March 1st to March 24th, 1899. Meals furnished by her to the deceased consisted of three meals some days, two meals other days, and one meal other days during the period between April 15th, 1897, and March 24th, 1899. The claimant did housecleaning for the deceased on an average of once a week during the period last named; and the medicine furnished by her to the deceased consisted of different kinds of medicine; and claimant done the family washing for said deceased on an average of once a week during the last mentioned period."

It is difficult to understand how the so-called bill of particulars can be construed differently, conceding either one of them to have been a bill of particulars such as the Code provides, and which could limit the scope of the evidence. The claim is for nursing during certain stated periods. Then there is a further claim for meals, ranging from three meals to one meal per day "during the period of April 15th, 1897 and March 24th, 1899," clearly indicating a single period between the two dates. That the author of the so-called bill of particulars understood it in this light is plain from the fact that he continues, and alleges that the "claimant did housecleaning for the deceased on an average of once a week during the period last named," which was the period of (or between) the 15th day of April, 1897, and the 24th day of March, 1899, and not any one of the periods fixed for the nursing; and the same remark is true of the claim for the family washing. It is also consistent with the size of the claim for $600,—a large amount if confined to the dates fixed for nursing, but entirely within reason if including services during a period of two years, in connection with such nursing. But the trial court, in the presence of the dispute upon this point, and having the advan-

. tage of knowing all of the facts, has found that the word "between" was in the so-called bill of particulars when it was before the court, and beyond this it does not seem practicable to extend the investigation. Tweed v. Davis, 1 Hun, 252, 254. But the bill of particulars served upon the executor of the estate of the testatrix is not such a bill of particulars as is provided for by section 531 of the Code of Civil Procedure, and which is construed as a part of the pleadings, limiting the evidence, and the appellant has nothing to complain of in the amendment.

The terms of the order provide for taking care of the expense to which the defendant was put in printing his case, etc., saving him harmless from the costs of the original appeal, if he so elect, and the orderly course of jurisprudence would not be promoted by a reversal of such order.

. The order appealed from should be affirmed, with costs. All concur.